USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-3-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ACOSTA,

                       Petitioner,

      - against -

PATRICK GRIFFIN,

                       Respondent.

**REPORT AND RECOMMENDATION**

11 Civ. 8724 (LGS) (RLE)

To the HONORABLE LORNA G. SCHOFIELD, U.S.D.J.:

## I. INTRODUCTION

*Pro Se* Petitioner Jose Acosta ("Acosta"), a New York State prisoner at Sullivan Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 27, 2007, Acosta was convicted of robbery in the third degree (N.Y. Penal Law § 160.05) and sentenced to a prison term of fifteen years to life. Acosta contends that his conviction violates the United States Constitution because (1) the sentencing court failed to properly implement New York's persistent felon statute by not allowing him to controvert the constitutionality of his past convictions and by failing to affirmatively state why his history and character warranted an extended sentence, (2) appellate counsel provided ineffective assistance in failing to argue that the trial court erred in not giving a missing witness charge for the Cantonese-speaking police officer, and (3) appellate counsel provided ineffective assistance in failing to argue that Acosta was improperly sentenced as a persistent felony offender. For the reasons set forth below, I recommend that the Petition be **DENIED**.

## II. BACKGROUND

### A. Factual History

On July 7, 2006, Acosta stole a gold chain and jade pendant from Puiling Wong's ("Wong") neck. (Trial Tr. at 32-33, 35.) While being chased by Wong, Acosta crashed into Police Officer Barbera ("Barbera"). Barbera arrested Acosta and retrieved the stolen property. (*Id.* at 116-17.) Wong had a "slight cut" with "very little blood" on her lower lip, and pain in her neck. (Trial Tr. at 48, 66.)

A few minutes later, a Cantonese-speaking police officer arrived at the scene, (*see* Trial Tr. at 52), where he asked Wong what happened and if she needed medical assistance. (Trial Tr. at 79-80.) The officer told Wong that "[the Police] have known about this guy for quite some time, but we don't have any evidence to put him in." (Trial Tr. at 80.) Because Wong did not speak English and Barbera did not speak Cantonese, Barbera spoke only to the translating officer about the events. Wong did, however, make gestures to Barbera about the chain and her neck. Barbera interpreted these gestures to mean that the chain belonged to Wong. Neither Wong nor Barbera recalled the translator's name, and Barbera did not write the officer's name on any paperwork. (Trial Tr. at 79, 192-93.)

At trial, Acosta wanted to call the Cantonese-speaking police officer as a witness but could not because his identity was unknown. (Aff. in Supp. of Pet'r's Mot. to Set Aside Guilty Verdict ("Pet'r's Aff. to Set Aside Verdict") ¶ 23.) The court denied Acosta's request for a missing witness charge. (*Id.* ¶ 68). Acosta was found guilty of robbery in the third degree, a class "D" non-violent felony, (Sentencing Tr. at 2), and on November 27, 2007, was sentenced as a persistent felony offender to a jail term of fifteen years to life. (*Id.* at 42-43).

2

**B. Procedural History**

Acosta filed a motion to vacate his sentence pursuant to New York Criminal Procedure Law ("CPL") § 440.20 on December 19, 2007, arguing that the persistent felon statute was unconstitutional in violation of the Sixth and Eighth Amendments. (Aff. in Support of Pet'r's Mot. to Set Aside Sentence ("Pet'r's Aff. to Set Aside Sentence") ¶ 1). His motion was denied. (Decl. of Paul M. Tarr in Opp'n to Pet.'s Pet. ("Tarr Decl."), Ex. C.)

Acosta moved for leave to appeal to the Appellate Division, First Department. He argued that (1) the trial court exceeded its constitutional authority in sentencing him as a discretionary persistent felony offender, (2) in denying his CPL § 440.20 claim, the court improperly relied on *People v. Rivera*, 5 N.Y. 3d 61 (2005), and (3) the constitutionality of New York's persistent felony offender statute was "in play" in state and federal courts. (Tarr Decl., Ex. D.) Additionally, Acosta filed a motion to consolidate his direct appeal and CPL § 440.20 appeal. (*Id.*) The motion to consolidate was granted. (Tarr Decl., Ex. F.)

Acosta filed a direct appeal on June 27, 2008, arguing that (1) the conviction was against the weight of credible evidence and based on legally insufficient evidence, (2) the trial court failed to impose any sanction for the arresting officer's failure to produce *Rosario* material, (3) his sentence as a persistent felony offender exceeded the applicable maximum in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (4) the sentence imposed was harsh and an abuse of discretion.

The Appellate Division unanimously affirmed the lower court's decision, holding that Acosta's conviction was based on legally sufficient evidence. *See People v. Acosta*, 61 A.D.3d

608 (2009). The court also denied Acosta's CPL § 440.20 motion. *Id.* The Court of Appeals denied leave to appeal on October 27, 2009. *People v. Acosta*, 13 N.Y.3d 834 (2009).

Acosta filed a *pro se* petition for a writ of error *coram nobis* on March 22, 2010, for ineffective assistance of appellate counsel because counsel omitted "significant and obvious" issues, including the court's failure to (1) give a missing witness charge for the Cantonese-speaking officer or (2) properly implement New York's persistent felony offender law. (Def.'s Pet. for Writ of Error Coram Nobis at 2; Aff. in Opp'n to Def.'s Appl. for Writ of Error Coram Nobis at 5). On December 9, 2010, the Appellate Division denied Acosta's *coram nobis* petition. *People v. Acosta*, 2010 N.Y. Slip Op. 90150(U) (NY) (N.Y.A.D. 1st Dept. Dec. 9, 2010). Acosta's application for leave to appeal was filed on January 3, 2011, and denied by the Court of Appeals on March 2, 2011. *People v. Acosta*, 16 N.Y.3d 827 (2011).

Acosta filed a second CPL § 440.20 motion on March 18, 2011, arguing that the sentencing court failed to properly implement New York's persistent felony offender law (1) by not allowing him to contest the constitutionality of his two previous felony convictions, and (2) by not affirmatively stating why his history and character, and the circumstances of his criminal conduct, warranted an extended sentence. The trial court denied Acosta's motion without a hearing on May 11, 2011. His application for leave to appeal was denied on November 17, 2011.

Acosta filed his Petition for a writ of habeas corpus on November 14, 2011, while his CPL § 440.20 appeal was still pending. He was granted sixty days to file an Amended Petition, (Docket No. 5), which was filed on February 22, 2012, and includes both *coram nobis* and CPL § 440.20 claims. (*See* Docket No. 7.)

4

## III. DISCUSSION

### A. Threshold Issues

#### 1. Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. 28 U.S.C. § 2244(d)(1)(A). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a petitioner's conviction becomes final when his time to seek direct review in the United States Supreme Court by writ of certiorari expires." *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (*quoting Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). However, the one-year period can be tolled if "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). The filing for collateral review after the one-year AEDPA limitations period has already expired, however, does not "reset" the limitations period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

The Court of Appeals denied Acosta's application for leave to appeal his conviction on October 27, 2009. *People v. Acosta*, 13 N.Y.3d 834 (2009). His conviction became final ninety days later on January 25, 2010, when his time to seek a writ of certiorari expired. *Williams*, 237 F.3d at 150. Acosta filed his first *coram nobis* petition on March 22, 2010, fifty-six days after his conviction became final. The limitations period was tolled until March 2, 2011, when the Court of Appeals denied Acosta leave to appeal the Appellate Division's denial of his *coram nobis* petition. *People v. Acosta*, 16 N.Y.3d 827 (2011). The limitations period ran again for sixteen days until March 18, 2011, when Acosta filed his second § 440.20 motion. The limitations period was tolled until November 17, 2011, when the Appellate Division denied leave to appeal from the second § 440.20 motion. Acosta filed his Petition on November 14,

2011, (Docket No. 1), and filed his Amended Petition on February 22, 2012. (Docket No. 7.) From the filing of his original Petition, the limitations period thus ran for a total of 72 days. Acosta's Petition, and subsequently, his Amended Petition, is timely.

### 2. Exhaustion

Pursuant to 28 U.S.C. § 2254(b), as amended by AEDPA, a court may not grant a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270 (1971); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997). To satisfy the exhaustion requirement, a petitioner's claim before the state court must have been federal or constitutional in nature. This is not an exacting standard, but a petitioner must have informed the state courts of "both the factual and the legal premises of the claim [he] asserts in federal court." *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (*quoting Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)). A petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). A petitioner must also raise a federal claim at each level of the state system, "present[ing] the substance of his federal claims to the highest court of the pertinent state." *Id.* (*quoting Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)).

### a. Acosta's Claim Relating to The Sentencing Court's Implementation of New York's Persistent Felon Law

Acosta claims that his constitutional rights were violated by the sentencing court's implementation of New York's persistent felon law. He raised this claim in his second § 440.20 motion. (Tarr Decl., Ex. U.) He argued that the court violated the plain language of New York Penal Law § 70.10(2) by not holding a hearing to allow him to controvert the constitutionality of his previous convictions and by not stating on the record why his history and character supported

the designation of a persistent felon. (*Id.*) The motion was denied. (*Id.*, Ex. V.) Acosta moved for leave to appeal the denial of his second § 440.20 motion, (*id.*, Ex. W.), and leave was later denied. (*Id.*, Ex. Z.) Acosta's claim that the sentencing court failed to properly implement New York's persistent felon statute is, therefore, exhausted.

### b. Acosta's Claims of Ineffective Assistance of Appellate Counsel

The State argues that Acosta has raised three claims of ineffective assistance of counsel: (1) appellate counsel failed to argue that the sentencing court did not state why his history and character justified an enhanced sentence; (2) appellate counsel failed to argue that Acosta was denied an opportunity to controvert his previous felony conviction; and (3) appellate counsel failed to argue that the trial court did not give a missing witness charge. (Mem. of Law in Opp'n to Amended Pet. for Writ of Habeas Corpus ("Opp'n Mem.") at 14-15.) It maintains that Acosta did not raise claim "(1)" in his *corum nobis* petition or in his leave to appeal. (Opp'n Mem. at 15.)

Acosta did, however, raise claim "(1)" in his response to the State's opposition to his *coram nobis* petition. He stated that he was bringing the petition because he had received ineffective assistance of appellate counsel from Carl Kaplan. (Tarr Decl., Ex. Q.) After presenting his characterization of the facts, Acosta argued that when designating him as a persistent felon the sentencing court "clearly bypassed" the requirement that it state that Acosta's history and character support the designation. (*Id.*) He then stated that his sentencing violated New York Penal Law § 70.10. (*Id.*) In the next paragraph, Acosta argued that his sentence should be vacated because he received ineffective assistance of appellate counsel. (*Id.*) When considering the purpose of a *coram nobis* petition, Acosta's reference to the sentencing court's

7

alleged failure to state why his history and character supported the designation of a persistent felon, and his repeated reference to his appellate counsel, the Court finds that Acosta raised the claim that his appellate counsel failed to argue that the sentencing court improperly implemented New York's persistent felon statute as it relates to his history and character.

Acosta also raised this issue in his letter application for leave to appeal the denial of his *coram nobis* petition. (Tarr Decl., Ex. S.) He argued that the sentencing court failed to state on the record why it believed that his history and character supported the designation of a persistent felon. (*Id.*) When concluding his letter for leave to appeal, he stated, "[i]n light of clearly meritorious issue[s] that were overlooked and not addressed by appellate counsel" his request for leave to appeal the denial of his *corum nobis* application should be granted. (*Id.*) Similar to his *corum nobis* application, Acosta argued his position relating to the sentencing court's implementation of the persistent felon statute in the context of an ineffective assistance of appellate counsel application, while also referencing his belief that appellate counsel failed to raise these arguments. Thus, the Court finds that Acosta raised his ineffective assistance of appellate counsel to the Court of Appeals with respect to the sentencing court's implementation of New York's persistent felon statute as it relates to his history and character.

Acosta also raised his ineffective assistance of appellate counsel claim relating to his belief that he was unable to controvert the constitutionality of his previous convictions. (Tarr Decl., Ex. Q.) He raised this claim in his *corum nobis* petition and in his application for leave to appeal the denial of his *corum nobis* petition. (*Id.*, Ex. Q, S.) This claim is also related to Acosta's belief that his appellate counsel did not raise issues about the sentencing court's implementation of New York's persistent felon statute. There is no reason to separate Acosta's

8

ineffective assistance of counsel claim with respect to the implementation of New York's persistent felon law because the implementation of the statute relates to both Acosta's ability to controvert his previous convictions and to the consideration of his history and character. Thus, the Court views Acosta's ineffective assistance of appellate counsel claim concerning the court's implementation of New York's persistent felon law as one claim and, as previously discussed, this claim has been exhausted.

Acosta's remaining ineffective assistance of counsel claim relating to the missing witness jury charge is also exhausted. He raised this claim in his *coram nobis* petition with references to *Strickland v. Washington*, 466 U.S. 668 (1984). The claim was also raised in his application for leave to appeal to the Court of Appeals, and therefore is exhausted.

## B.    Merits of Acosta's Claims

### 1.    Standard of Review

The AEDPA constrains a federal court's ability to grant an application for a writ of habeas corpus where a state court has adjudicated the claims on their merits. Issuance of the writ is appropriate only where the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is contrary to federal law if the court applies "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. Furthermore, in cases where the state court decision rests on a factual determination, granting a habeas petition requires federal courts to find that the state court's

9

"decision . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### 2. The Sentencing Court's Implementation of New York's Persistent Felony Offender Statute

Under New York Criminal Procedure Law § 400.20, an individual convicted of a felony with two or more previous felony convictions may be subject to extended incarceration if it would best serve the public interest. Courts look to the defendant's history and character, and the nature and circumstances of the criminal conduct when assessing the public's interest. N.Y. Penal Law § 70.10 (McKinney 2012). If the court finds extended incarceration appropriate, "the reasons for the court's opinion shall be set forth in the record." *Id.*

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Portalatin v. Graham*, 624 F.3d 69, 80 (2d Cir. 2010) (*quoting Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). "If the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied." *Cunningham v. California*, 549 U.S. 270, 290 (2007) (finding unconstitutional California's determinate sentencing law giving discretion to judges to select a higher or lower sentence depending on aggravating or mitigating factors); *see also Ring v. Arizona*, 536 U.S. 584, 588 (2002) (striking down Arizona capital sentencing law permitting a death sentence only after the judge finds at least one aggravating circumstance); *Blakely v. Washington*, 542 U.S. 296 (2004) (finding unconstitutional a Washington law requiring judges to impose a "standard" sentence unless substantial and compelling reasons justify an "exceptional" sentence).

10

In *Portalatin*, the Second Circuit ruled that the New York Court of Appeals' decision to uphold New York's persistent felony offender statute was consistent with the Sixth Amendment, as it was not an unreasonable application of clearly established federal law. 624 F.3d at 87-88. On three separate occasions, the New York Court of Appeals has upheld New York's PFO statute in light of the Supreme Court's decisions in *Apprendi* and related cases. *See People v. Quinones*, 12 N.Y.3d 116, 131 (2009); *People v. Rivera*, 5 N.Y.3d 61, 71 (2005); *People v. Rosen*, 96 N.Y.2d 329, 336 (2001). Each time the Court of Appeals held that the only "fact" necessary to impose a PFO statute is the "fact" of recidivism, meaning prior felony convictions are the *sole determin[ant]* of whether a defendant is subject to enhanced sentencing. *Portalatin*, 624 F.3d at 84 (*citing Rosen*, 96 N.Y.2d at 335) (emphasis in original). The Court of Appeals clarified that even though CPL § 400.20 authorizes a hearing on the facts relating to the defendant's history and character, defendants are not entitled to those facts receiving controlling weight in the court's opinion. *Id.* at 90-91 (*citing Rivera*, 5 N.Y.3d at 68).

Here, Acosta argues that the sentencing court failed to state why his history and character, and the circumstances of his criminal conduct warranted an extended sentence. The sentencing court stated that "[b]ased upon Mr. Acosta's three prior convictions, two of them violent and this being his fourth felony conviction, [the court] find[s] that extended incarceration and life-time supervision will best serve the public interest." (Sentencing Tr. 42-43.) Though the court did not specifically comment on the Acosta's history and character, it found that his criminal conduct warranted an extended sentence, which is inextricably related to his history and character. The sentencing court determined that Acosta's prior felonies alone warranted an extended sentence. As such, the decision was not an unreasonable application of clearly

11

established federal law. I recommend that Acosta's claim that the sentencing court improperly implemented New York's persistent felon law be **DENIED**.

### 3. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel to protect the fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Under *Strickland*, a claim of ineffective assistance of counsel has two components. Both prongs must be satisfied for the defendant to prevail. *United States v. Campbell*, 300 F.3d 202, 214 (2d Cir. 2002). First, a petitioner must show that counsel's performance was deficient and the errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Specifically, a petitioner must show that the representation fell below an objective standard of reasonableness. *Id.* at 688. Courts should be highly deferential in presuming that the attorney's conduct and judgment were reasonable. *Id.* at 689-90. A court must also review the circumstances surrounding the performance from counsel's perspective to ensure counsel fulfilled his or her "overriding mission of vigorous advocacy of the defendant's cause." *Id.* at 689.

Second, the petitioner must demonstrate that counsel's deficient performance was prejudicial. *Id.* at 687. This requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Judgment will not be set aside if counsel's error had no effect on the judgment, even if the error was not professionally reasonable. *Id.* at 691. Prejudice is assumed when there exists a reasonable probability that,

absent the errors, the fact finder would have had a reasonable doubt regarding a defendant's guilt. *Id.* at 695-96.

The two-pronged test applies to trial and appellate counsel. *Clark v. Stinson*, 214 F.3d 315, 321 (2d Cir. 2000). In the appellate context, in addition to showing that a decision was unreasonable, a petitioner "must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." *Wynder v. Smith*, No. 09 Civ. 4541 (LAP)(JLC), 2011 WL 70556, at *13 (S.D.N.Y. Jan. 10, 2011) (*citing Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994)). Courts are not required to address both elements if the petitioner "makes an insufficient showing in one." *Wynder*, 2011 WL 70556, at *13; *accord Strickland*, 466 U.S. at 697.

Here, Acosta is essentially challenging appellate counsel's decision about which legal issues to pursue. The New York Court of Appeals has noted, however, that "it is the prerogative of counsel, not the client, to decide what issues should be raised on appeal." *People v. White*, 73 N.Y.2d 468, 478 (N.Y. 1989). A defendant retains authority over certain decisions, such as "whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal." *Id.* Other issues, however, fall within the strategic discretion of counsel. An attorney has not provided ineffective assistance for failing to raise a claim, even if the claim at issue could have been successful on appeal. *Id.*; *see also Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) ("[C]ounsel does not have a duty to advance every nonfrivolous argument that could be made."). Appellate counsel will often "winnow out weaker arguments on appeal and focus on one central issue if possible, or at most on a few key issues." *Id.* Reasonable strategic choices made by counsel are unchallengeable. *Strickland*, 466 U.S. at 690.

13

Acosta's two claims of ineffective assistance of counsel are without merit. Appellate counsel submitted a lengthy brief on Acosta's behalf raising four colorable claims, including that (1) the conviction was against the weight of evidence; (2) the trial court failed to impose sanctions on the arresting officer for failing to bring material required by *People v. Rosario*[1]; (3) the persistent felony offender sentence exceeded the applicable maximum, in violation of *Apprendi*, 530 U.S. 466 (2000); and (4) the sentence imposed was harsh and an abuse of discretion.

### a. Missing Witness Charge

A missing witness charge allows a jury to draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support the party's version of events. *Torres v. Mazzuca*, 2008 WL 2467051 (S.D.N.Y. June 17, 2008) (*citing People v. Savinon*, 791 N.E.2d 401, 403 (N.Y.2003). In New York, a missing witness charge is only appropriate where the witness's testimony would do more than merely corroborate the testimony of another witness. *Davis v. Mantello*, 42 F. App'x 488, 491 (2d Cir. 2002). Thus, the party seeking the missing witness charge must show that the witness would provide non-cumulative testimony. *Id.*; *People v. Gonzalez*, 68 N.Y.2d 424, 427 (1986).

Here, the Cantonese-speaking officer arrived at the scene after the arresting officer apprehended Acosta and recovered the gold chain. Based on the record, Wong non-verbally gestured to Barbera that the chain belonged to her. Upon arrival, the Cantonese-speaking officer spoke with Wong and relayed the information to Barbera. Barbera testified at Acosta's trial

---

[1] In *People v. Rosario*, 9 N.Y.2d 286 (1961), the Court of Appeals held that failure to preserve material which bears on the testimony of trial witnesses violates New York State law. *See also* N.Y. Crim. Proc. Law § 240.45 (McKinney's 2012).

14

regarding the incident. The Cantonese-speaking officer was not called as a witness.

Acosta has not shown that the Cantonese-speaking officer would have done more than corroborate Barbera's testimony. He has not shown that appellate counsel's decision not to pursue this particular claim rendered counsel's representation ineffective, as the claim was not so significant that counsel was required to raise it on appeal. *See Sable v. Artus*, No. 09 Civ. 7242 (WHP) (GWG), 2010 WL 3719270 (S.D.N.Y. Sept. 23, 2010), *Report and Recommendation Adopted*, 2012 WL 92285 (S.D.N.Y. Jan. 11, 2012). Acosta's ineffective assistance of appellate counsel claim for failing to raise the missing witness jury charge issue on appeal should be **DENIED**.

### b. New York's Persistent Felon Law

Pursuant to CPL § 400.20, a previous unconstitutional conviction may not be counted towards determining whether persistent felony offender status is warranted. The defendant may controvert prior conviction anytime during the course of the hearing. CPL § 400.20. Defendants who fail to challenge a conviction are assumed to waive that right. *Id.* Acosta was convicted of three felonies prior to his conviction that is the subject of this Petition. On February 14, 1986, he was convicted of first degree robbery and sentenced to three to nine years. (Sentencing Tr. 4.) On March 8, 1991, he was convicted of "sale in the fifth degree," and sentenced to two and one-half to five years. (*Id.*) Acosta was also sentenced to six to twelve years on April 20, 1995, for an unspecified felony. (*Id.*)

At the sentencing hearing, the court heard from the State and from Erika Edwards, Acosta's defense counsel. The State presented three certificates of disposition to support the designation as a persistent felon. (*Id.* at 3.) When allowed to discuss the constitutionality of

Acosta's previous convictions, Edwards explained that Acosta believed there were "irregularities with respect to him being deemed a predicate felon in two of" his felony convictions. (*Id.* at 3.) She further explained that she had ordered "four different minutes of the pleas and sentencings of his last two felony convictions," but had only received one because three of the court reporters were retired. (*Id.*) Edwards stated that she reviewed the files relating to Acosta's previous felony convictions when preparing for the underlying trial and "did not see anything that was glaring." (*Id.* at 4.) She did, however, explain that Acosta raised issues that she wanted to explore further. (*Id.*) The court "found" that Acosta had three felony convictions, and "this being the fourth that he is a persistent felony offender as defined by the statute and case law." (*Id.* at 5, 6.)

Thereafter, Edwards reminded the court that a finding of a persistent felon requires two steps: (1) that the defendant has at least two felony convictions; and (2) it is the court's opinion that the defendant's history and character support an increased sentence. (*Id.* at 7-8.) Edwards argued that the nature of the crime did not support a sentence of fifteen years to life imprisonment, as requested by the State, because Acosta was convicted of a class D non-violent felony, not a more serious crime, such as murder. (*Id.* at 9-11.) She also filed a presentencing memorandum asking the court to consider Acosta's background when rendering a sentence. (*Id.* at 9.) Finally, Edwards examined Acosta, who testified about his history and character.

Appellate counsel had no basis to challenge the implementation of New York's persistent felon statute. The sentencing court had three certificates of disposition for Acosta's prior felony convictions, there was "nothing glaring" about the convictions (which the court interprets as counsel not seeing any blatant constitutional issues with his convictions), the court heard

16

testimony from Acosta, and counsel submitted a memorandum of law reflecting Acosta's position on how his history and character should be viewed.

Instead of challenging its implementation, i.e., arguing that one procedural requirement had not been met, appellate counsel chose to challenge the constitutionality of the persistent felony offender statute and to argue that the sentence rendered exceeded the maximum penalty for the specific crime. Counsel's decision to omit the procedural argument and attack the constitutionality of the statute was not unreasonable because the sentencing court did not improperly implement the statute. Moreover, Acosta has not shown that his preferred argument had a reasonable probability of success at the New York Court of Appeals. *See Wynder*, 2011 WL 70556, at *13. As previously discussed, courts can designate a defendant as a persistent felon upon a finding of two or more felony convictions. *Portalatin*, 624 F.3d at 84; *Rosen*, 96 N.Y.2d at 335. In light of the facts and existing case law, it was not unreasonable for appellate counsel to forgo arguing that the law was improperly implemented. *See White*, 73 N.Y.2d at 478. Acosta's claim of ineffective assistance of appellate counsel for failing to challenge the sentencing court's implementation of New York's persistent felon statute should be **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, I recommend that Acosta's petition for a writ of habeas corpus be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Lorna G. Schofield, 40 Foley Square, Room 201, and to the chambers of the

undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: September 3, 2013**
**New York, New York**

**Respectfully Submitted,**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

<u>*Pro se* Petitioner</u>:
Jose Acosta, 08A0290
Elmina Corr. Facility
Box 500
Elmira, NY 14902-0500

<u>Counsel for Respondent</u>:
Paul M. Tarr
Assistant Attorney General
120 Broadway
New York, New York 10271